[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 13, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13708
Non-Argument Calendar

_____

D. C. Docket No. 92-04032-4-WS-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRYL VAUGHN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(February 13, 2008)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Darryl Vaughn appeals his 30-months' sentence, which was imposed following the revocation of his supervised release. Vaughn argues his sentence is unreasonable in light of the applicable Guidelines range of 8-14 months.

After *United States v. Booker*, 125 S. Ct. 738 (2005), we review a federal sentence imposed upon revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). Reasonableness review requires us to review the sentence under an abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 594 (2007). We "must first ensure that the district court committed no significant procedural error," and then we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* at 597. The party challenging the sentence bears the burden of establishing the sentence was unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Vaughn's sentence is not procedurally unreasonable. Under 18 U.S.C. § 3583(e), upon finding by a preponderance of the evidence the defendant violated a condition of his release, the district court may revoke his term of supervised release and impose a sentence of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a). *Sweeting*, 437 F.3d at 1107. The court is not required to state on the record it has explicitly considered each of the § 3553(a)

factors or individually discuss each factor. *See United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) (addressing an appeal from an original sentence). It is sufficient that the district court acknowledges it considered the factors. *Id.* However, the court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 128 S. Ct. at 597. Additionally, as long as the Guidelines are applied in an advisory manner, it does not violate the defendant's constitutional rights for the court to make factual findings by a preponderance of the evidence. *United States v. Chau*, 426 F.3d 1318, 1323-24 (11th Cir. 2005).

The court applied the Guidelines in an advisory fashion and noted it had considered the § 3553(a) factors in reaching its decision to sentence Vaughn above the Guidelines range. Contrary to Vaughn's claim on appeal, the court did not base its sentence on his having committed an aggravated battery on or fleeing from a law enforcement officer. The court explicitly stated it was not finding Vaughn committed these crimes. Instead, the court based its decision on the two ways in which Vaughn admitted to violating the terms of his supervised release. First, he neglected to submit mandatory, monthly supervision reports for seven consecutive months. Second, he moved from his approved residence without notifying his probation officer, which resulted in his whereabouts being unknown for

3

approximately five months. The evidence presented at the revocation hearing as to Vaughn's participation in a staged drug deal "very clearly" told the court the reason Vaughn intentionally violated the terms of his supervised release. The court noted these violations were not inadvertent or accidental, but instead were intentional and deliberate. The court, having considered the § 3553(a) factors and offering an explanation for its decision to sentence Vaughn beyond the Guidelines range, committed no procedural error.

Additionally, the court did not impose a substantively unreasonable sentence. Extraordinary circumstances are not necessary to justify a sentence outside the Guidelines range. *Gall*, 128 S. Ct. at 595. However, "a major departure should be supported by a more significant justification than a minor one." *Id.* at 597. While Vaughn's sentence of 30-months' imprisonment is more than double the Guidelines range maximum, the court justified its decision by relying on Vaughn's deliberate, drug-related failure to comply with the mandatory terms of his supervised release. The intentional nature of Vaughn's violations, coupled with the evidence Vaughn continued to sell cocaine while on supervised release following his conviction for possessing cocaine with intent to distribute, could certainly justify a harsher sentence in light of the § 3553(a) factors. Given

the range of sentences from which it could choose, the district court did not abuse its discretion in sentencing Vaughn to 30-months' imprisonment.

Based on our review of the record and the parties' briefs, we conclude Vaughn's sentence is reasonable. Accordingly, we affirm his sentence.

AFFIRMED.